# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 9, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139157

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v

        SC: 139157
        COA: 283133
        Jackson CC: 07-004100-FH

TODOCIO ESQUEDA GUERRA,
           Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the May 19, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I respectfully disagree with the Court of Appeals that the trial court did not rely upon defendant's status as an illegal alien as a "substantial and compelling" factor to support its sentencing departure in this case. Rather, the trial court stated to the defendant, "You're not only here illegally, but you're committing crimes." The trial court also repeatedly referenced that defendant was the citizen of a different country, and stated as the first reason on the departure evaluation form that "[d]efendant was an illegal alien at the time he committed this offense." I do not know how much more clear the trial court could have been that defendant's illegal status constituted a factor, indeed apparently a significant factor, in the court's decision to depart upwardly from the guidelines range and impose a minimum sentence of 36 months, rather than one of 12-24 months.

Because, in my judgment, the trial court made itself quite clear, I would affirm its decision. It is hard to imagine a more compelling basis for an upward departure than that a defendant *at the very time of his criminal conduct* is in violation of other substantial criminal laws of this country. Defendant violated the laws of this country by entering it illegally, and he has violated the laws of this country by remaining here illegally. He was in violation of our laws before, during and after his home invasions in Lenawee County,

and he was in violation of our laws before, during, and after his home invasions in Hillsdale County. Either by itself or in conjunction with other grounds for upward departure, defendant's status as an illegal alien constitutes a substantial and compelling basis for a sentence above the guidelines range, and it is inconceivable that it could be otherwise.

KELLY, C.J., and CAVANAGH, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2009

_____
Clerk

p1202